## HINDLEMAN v. SPECIALTY SALESMAN MAGAZINE, Inc.

### No. 738.

District Court, N. D. Illinois, E. D.

May 1, 1940.

Heth, Lister & Flynn, of Chicago, Ill., and Hellerstein & Gertz, of Denver, Colo., for plaintiff.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

This matter comes up on a motion for a summary judgment. The defendant heretofore filed a motion to dismiss plaintiff's complaint, which motion was overruled. Thereupon the defendant served its answer. On motion of plaintiff certain portions of the answer were stricken. See memorandum of court filed January 26, 1940, 1 F. R. D. 278. Thereupon the defendant filed an amended answer divided into several parts. The first part admits certain allegations of plaintiff's complaint and denies other allegations.

The plaintiff has filed a motion for a summary judgment based upon the pleadings.

■ Obviously, the motion for a summary judgment must be denied. On the admitted facts of the pleadings judgment could not go in favor of the plaintiff. In the first part of its amended answer, the defendant has denied and put in issue material matters which must be proved before the plaintiff is entitled to recover.

■ In the alternative plaintiff moves to strike defendant's amended answer.

This motion will be granted in part. As the Court had occasion to say in its former memorandum, the answer of the defendant was a gross violation of Rules 8(b) and 8(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The amended answer commencing on page 4 and concluding on page 25, Paragraphs 13 to 55, both inclusive, likewise offends the rule.

Rule 8(b) reads: "A party shall state in short and plain terms his defenses to each claim asserted."

Rule 8(e) (1) provides: "Each averment of a pleading shall be simple, concise, and direct."

This pleading, in the paragraphs last referred to, is highly verbose and argumentative.

An order will be entered striking Paragraphs 13 to 55, both inclusive, of the amended answer.